Plaintiff-appellant, James F. Sexton, appeals the trial court's order granting defendants-appellees, Kidder Peabody Co., Inc., Craig Ross, Robert Hall and Cindy Harris's motion to dismiss this case without prejudice for appellant's failure to prosecute. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.
This matter arises from a lawsuit filed by appellant on January 10, 1995 in Cuyahoga County Court of Common Pleas. Appellant's complaint alleged that appellees either failed or refused to execute his orders regarding a securities transaction and sought to recover damages relating thereto.
Based upon written agreements between appellant, Kidder Peabody, and its predecessor company, Clark, Dodge Co., appellees moved the trial court for an order staying all further proceedings and compelling arbitration. The trial court denied appellees' motion to compel arbitration and stay proceedings.
Upon examination of the contracts in question, however, this court determined that the dispute in the common pleas court is arbitrable under the provisions of the contract. On March 7, 1996, this court reversed the trial court and "remand[ed] the case to the trial court for the appropriate order granting the motion to compel arbitration and imposing a stay pending the arbitration of all claims asserted in the complaint." Sexton v. Kidder Peabody Co,Inc., et al. (Mar. 7, 1996) Cuyahoga App. No. 69093, unreported.
By an entry filed July 31, 1996, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed appellant's appeal as not involving any substantial constitutional question.Sexton v. Kidder Peabody Co., Inc. (July 31, 1996), No. 96-875. In a subsequent entry filed September 18, 1996, the Ohio Supreme Court denied appellant's motion for reconsideration.
Pursuant to this court's ruling, on October 28, 1996, the trial court issued an order granting appellees' motion to compel arbitration and staying the matter pending the arbitration of all claims asserted in appellant's complaint. Appellant did nothing, however, to pursue his claim in arbitration. Accordingly, on September 9, 1997, the trial court issued an order lifting the stay and setting the case for trial on December 3, 1997.
On October 1, 1997, appellees filed a motion to dismiss appellant's complaint for failure to prosecute. The trial court set a hearing on appellees' motion for November 6, 1997, ordering the parties to produce correspondence and other memoranda regarding their attempts to secure arbitration.
On November 7, 1997, after the hearing, the trial court issued the following order:
 Following a hearing in open court regarding the status of the arbitration, and the Eighth District Court of Appeals having determined that arbitration is appropriate under a binding contract, this court was informed by the parties that arbitration has been in suspense. Therefore, this court orders the plaintiff to select the forum within five (5) business days, and if he fails and neglects to do so, this court orders the defendant to select the forum.
 This court orders expedited treatment and a hearing, in no event, beyond April 1, 1998.
 There will be no trial on the merits until the matter is concluded in arbitration, at which time this court will enter appropriate judgment under the arbitration statutes of the State of Ohio.
 The burden is on the plaintiff to commence the arbitration action, and the parties are obliged to cooperate and respond in a timely manner.
On December 19, 1997, the trial court issued an order reminding the parties that arbitration was to be completed by April 1, 1998 and ordering the parties to submit reports regarding the status of the arbitration proceedings. Appellees filed a status report and another motion to dismiss for appellant's failure to take any action to arbitrate his claims.
On February 24, 1998, the trial court issued an order setting a hearing for March 30, 1998 and ordering appellant to appear to advise the court of his intention to proceed with the arbitration or the case would be dismissed. The scheduled hearing was not held, however, because on March 12, 1998, appellant filed an affidavit of prejudice with the Ohio Supreme Court, seeking to have the trial judge disqualified. Appellant's affidavit of prejudice was denied by the Chief Justice in an entry dated March 24, 1998.
Accordingly, on April 15, 1998, the trial court again ordered the parties to submit written reports regarding the status of arbitration. Both appellant and appellees complied. On June 5, 1998, the trial court entered the following order dismissing the case without prejudice:
 Defendants' pending motion to dismiss without prejudice is granted. Plaintiff has indicated in his status report filing of May 15, 1998 that he has no intention of pursuing his claim in arbitration. The Court of Appeals has mandated arbitration. This is the law of the case. Case dismissed without prejudice for want of prosecution. (Emphasis added).
Appellant timely appealed, assigning eight assignments of error for our review. We decline to consider them, however, as the order appealed from is not a final appealable order.
We note first that an appellate court's review is limited by Section 3 (B) (2), Article IV of the Ohio Constitution, which provides that an appellate court shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals.
R.C. 2505.02 defines "final order" as:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy * * *;
 (5) An order that determines that an action may or may not be maintained as a class action.
Civ.R. 41 governs the effect to be given to the dismissal of an action. Pursuant to Civ.R. 41 (B) (3), a dismissal for failure to prosecute operates as an adjudication on the merits, unless the court's order states otherwise. Here, the court clearly stated the dismissal was without prejudice.
This court has previously held that a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible. Benaco Tooling, Inc., etal. v. Bancorp Holdings, Inc., et al. (Mar. 21, 1996) Cuyahoga App. No. 69015, unreported; In re Mary Beth v. Howard, et al. (Dec. 22, 1994), unreported; Cuyahoga App. No. 66748, unreported. A dismissal of an action without prejudice leaves the parties in the same position as if the plaintiff had not commenced the action.Westerhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605, unreported. Where an action may be refiled, the litigation has not been brought to an end on the merits. Id.
Here, appellant may refile his complaint or — more appropriately — proceed to arbitration in the chosen forum. Accordingly, the litigation has not been brought to an end on its merits and therefore, the order appealed from is not a final order which this court may review.
We are mindful that some Ohio courts have sidestepped jurisdictional limitations and reversed trial court dismissals without prejudice when such dismissals were entered without notice to plaintiffs. See Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825, unreported. Here, however, the record demonstrates that the trial court clearly advised appellant that failure to proceed with his claims in arbitration would result in dismissal of the action.
Accordingly, we hold that the trial court's order dismissing this case without prejudice is not a final order subject to review by this court pursuant to R.C. 2505.02. Therefore, this court is without jurisdiction to hear the matters presented.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellant their costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., and SPELLACY, J., CONCUR.
 ________________________________ TIMOTHY E. McMONAGLE JUDGE